SPENCER P. HUGRET (SBN: 240424)
shugret@grsm.com
KATHERINE P. VILCHEZ (SBN: 212179)
kvilchez@grsm.com
TRINA M. CLAYTON (SBN: 204215)
tclayton@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 986-5900
Facsimile: (415) 986-8054

Attorneys for Defendant
FORD MOTOR COMPANY

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS OROZCO,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>FORD MOTOR COMPANY; HANSEL FORD LINCOLN; and DOES 1 through 10, inclusive<br><br>　　　　　Defendant(s). | Case No.<br><br>**DEFENDANT FORD MOTOR COMPANY'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, 1446**<br><br>Sup. Ct. Comp. Filed: December 28, 2022<br>Removed: July 25, 2023 |

# NOTICE OF REMOVAL

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that Defendant FORD MOTOR COMPANY ("Ford"), by its counsel GORDON REES SCULLY MANSUKHANI LLP, hereby removes to this court, pursuant to 28 U.S.C. §§§ 1332, 1441, and 1446, based on diversity of citizenship, the claims pending as Case No. SCV-272328 of the Superior Court of California, County of Sonoma. In support of this removal, Ford states as follows:

## I. THE REMOVED CASE

1.  This removed case is a civil action commenced in the Superior Court of California, County of Sonoma by Plaintiff LUIS OROZCO ("Plaintiff") against Ford, entitled *Luis Orozco v. Ford Motor Company, et al.* Sonoma County Superior Court Case No. SCV-27232 (the "State Action"). The two originally named Defendants were Ford and Hansel Ford. (*See* **Exh. A** to the Declaration of Trina M. Clayton ("Clayton Decl."), filed concurrently herewith.)

2.  Plaintiff filed his State Action on December 28, 2022. Plaintiff asserted against Ford, four causes of action for violation of California's Song-Beverly Consumer Warranty Act ("Song-Beverly Act"), as well as a claim for fraudulent inducement-concealment. Plaintiff additionally alleged a single cause of action for negligent repair against dealership Hansel Ford. All claims are based on Plaintiff's purchase of a 2018 Ford F-150, VIN: 1FTEW1CP9JI(E40114 ("The Subject Vehicle"). (*See* **Exh. A** *generally*, and Clayton Decl., ¶ 4).

3.  As it has been less than one year since the commencement of this action, removal is proper under 28 U.S.C. § 1446(c)(1).

## II. PROCEDURAL REQUIREMENTS

4.  Generally, a defendant has thirty (30) days from the date of service of a copy of the complaint to remove a case. 28 U.S.C. § 1446(b). However, if the case stated by the initial pleading is not removable, a defendant has thirty (30) days from

-1-
DEFENDANT FORD MOTOR COMPANY'S NOTICE OF REMOVAL OF ACTION
PURSUANT TO 28 U.S.C. §§ 1332, 1441, 1446

the date of service or receipt of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable to remove a case. (28 U.S.C. § 1446(3).) Ford was served with a copy of the Complaint on February 2, 2023. (Clayton Decl., ¶ 5.) The Complaint does not contain any means of ascertaining the amount in controversy. (Clayton Decl., ¶6, **Exh. A** *generally*.)

5. As of the date of service on Ford, this matter was not removable as the Complaint did not contain facts that gave rise to a "federal question" and, with the inclusion of Defendant Hansel Ford, a California entity, complete diversity of citizenship did not exist. 28 U.S.C. § 1332. (*See* **Exh. A, ¶¶** 2, 5, to the Clayton Decl.)

6. "[O]nly a voluntary act of the Plaintiff [can] bring about removal to federal court." *Self v. Gen. Motors Corp.*, 588 F.2d 655, 658 (9th Cir. 1978). This rule is known as the "voluntary-involuntary" rule, and "requires that a suit remain in state court unless a 'voluntary' act of the Plaintiff brings about a change that renders the case removable." See *Id.* at 657. A dismissal entered at the request of a party is a voluntary act. *Heller v. American States Insurance Company*, 2016 WL 1170891, *3 (C.D. Cal. 2016), (citing *D & J, Inc. v. Ferro Corp.,* (1986) 176 Cal. App. 3d 1191, 1194.)

7. On June 28, 2023, Plaintiff dismissed Hansel Ford from this action. (*See* **Exh. B** to the Clayton Decl.)

8. In light of Plaintiff's voluntary dismissal of Hansel Ford, Ford recognized this matter was now removable to Federal Court based on complete diversity of citizenship.

9. Based on the Retail Installment Sales Contract ("RISC"), counsel for Ford was able to determine the purchase price of the Subject Vehicle and, accordingly, the amount in controversy. (*See* Clayton Decl., ¶ 18, **Exh. C.**)

//

10. Pursuant to Fed. R. Civ. Pro. 6(a), a period of greater than 30 days from the dismissal of Hansel Ford on June 28, 2023 has not elapsed.

11. Pursuant to 28 U.S.C. § 1446(a), copies of all processes, pleadings, and orders for the State Action in Ford's possession are contained in **Exhs. A-B,** and **E-II,** to the Clayton Declaration, filed herewith.

12. Pursuant to 28 U.S.C. § 1446(a), venue is proper in the Northern District of California because this district embraces the place where the State Action has been pending.

13. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be filed with the Superior Court of California, County of Santa Clara, promptly after filing of same in this Court.

14. Pursuant to 28 U.S.C. § 1446(d), written notice of filing this Notice of Removal will be given to all adverse parties promptly after filing the same in this Court.

15. If any question arises as to the propriety of the removal of this action, Ford requests the opportunity to conduct discovery, brief any disputed issues, and present oral argument in favor of its position that this case is appropriately removable.

16. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Ford's right to assert defenses including, without limitation, the defenses of (i) lack of jurisdiction over person, (ii) improper venue and/or *forum non conveniens*, (iii) insufficiency of process, (iv) insufficiency of service of process, (v) improper joinder of claims and/or parties, (vi) failure to state a claim, (vii) failure to join indispensable party(ies), or (viii) any other procedural or substantive defense available under state or federal law.

//
//
//

## III. THE AMOUNT IN CONTROVERSY REQUIREMENT IS MET

### A. Plaintiff's Damages

17. For diversity jurisdiction over a claim, the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332. The amount in controversy in this action exceeds $75,000, exclusive of interest and costs.

18. The removing party's initial burden is to "file a notice of removal that includes 'a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'" *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). "By design, § 1446(a) tracks the general pleading requirement stated in Rule 8(a)" which requires only that the grounds for removal be stated in a "short and plain statement." *Dart*, 135 S. Ct. at 553.

19. Generally, a federal district court will first "consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy." *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 690 (9th Cir. 2006) (internal citation omitted). But a defendant may remove a suit to federal court notwithstanding the failure of the Plaintiff to plead the required amount. Absent the facial showing from the complaint, the court may consider facts averred in the removal petition. *Id.* Next, if the defendant's allegation(s) regarding the amount in controversy is challenged, then "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Ibarra*, 775 F.3d at 1195. At that time, "it may be appropriate to allow discovery relevant to [the] jurisdictional amount prior to remanding." *Abrego*, 443 F.3d at 691 (internal citation omitted).

20. Ford disputes that it is liable for any damages whatsoever to Plaintiff. Nevertheless, Ford can demonstrate that the amount in controversy exceeds $75,000 under the "preponderance of the evidence" standard. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). The standard requires only that the

removing party present evidence that "it is more likely than not" that the amount in controversy is satisfied. *Id.*

21.   In this products liability case, Plaintiff seeks monetary relief. Plaintiff alleges against Ford four causes of action for violation of California's Song-Beverly Consumer Warranty Act ("Song-Beverly Act"), as well as a cause of action for fraudulent inducement-concealment.  (*See* Clayton Decl., **Exh. A**.)

22.   Plaintiff additionally alleges he is entitled to relief under the Song-Beverly Act, as well as for his fraud cause of action, including but not limited to, actual damages, restitution, all incidental and consequential damages, ***reasonable attorneys' fees and costs of suit,*** a ***civil penalty in the amount of two times Plaintiff's actual damages, and punitive damages***. (*See* **Exh. A**, ¶¶ 20, 23, 38-39, 44, 47, and Prayer at p. 14:20 -15:2.)

23.   The amount in controversy calculation includes civil penalties under the Song-Beverly Act. *Brady v. Mercedes-Benz USA, Inc*., 243 F. Supp. 2d 1004, 1009 (N.D. Cal. 2002).

24.   The amount in controversy also includes reasonable estimates of attorney's fees. *Id.* at 1011; *Guglielmino v. McKee Foods Corp*., 506 F.3d 696, 700 (9th Cir. 2007); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998).

25.   Moreover, where attorney's fees are recoverable, future fees, and not just fees incurred at the time of removal, are "at stake" in the litigation and should be included in the amount in controversy. *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 2018). (Emphasis added.)

26.   Pursuant to the RISC, the total amount paid (purchase price) for the Subject Vehicle was $49,008.78. (*See* Clayton Decl., ¶20.)

27.   If Plaintiff were to prevail on his Song-Beverly Act claims, he could be awarded damages well in excess of $75,000.00, as Plaintiff contends he is entitled to double civil penalties and attorney's fees.

28.    Plaintiff's actual damages of $49,008.78 (*i.e.*, the purchase price of the

Subject Vehicle as outlined in the RISC) plus $98,017.56 as a double civil penalty pursuant to Civil Code Section 1794, brings the total amount in controversy to $147,026.34. (*See* Clayton Decl., ¶¶ 20-22 and **Exh. C**.)

### B. Mileage Offset

29. Pursuant to the Song-Beverly Act, the manufacturer is entitled to deduct an offset for the time a Plaintiff drove the vehicle trouble-free. Cal. Civ. Code § 1793.2(d)(2)(C). The mileage offset is calculated pursuant to a statutory formula, whereby the purchase price is multiplied by the mileage the vehicle was driven "prior to the time the buyer first delivered the vehicle to the manufacturer or distributor, or its authorized service and repair facility for correction of the problem that gave rise to the nonconformity," and dividing this amount by 120,000. Cal. Civ. Code § 1793.2. (*Id.*)

30. Ford disputes that a "mileage offset" must be factored into the amount in controversy calculation. The amount in controversy is established by what a plaintiff demands by way of his Complaint, not by any reductions that a defendant might achieve through its defenses. *See Geographic Expeditions, Inc. v. Estate of Lhota ex rel. Lhotka*, 599 F.3d 1102, 1108 (9th Cir. 2010) ("[I]f a district court had to evaluate every possible defense that could reduce recovery below the jurisdictional amount the district court would essentially have to decide the merits of the case before it could determine if it had subject matter jurisdiction"); *see also Garcia v. ACE Cash Express, Inc.*, No. SACV 14-0285-DOC, 2014 WL 2468344, at *3 (C.D. Cal. May 30, 2014) (relying on *Geographic Expeditions* to hold that "potential offsets are inapplicable to the amount-in-controversy exception").

31. Assuming, arguendo, that the mileage offset should be considered, which Ford disputes, the offset for Plaintiff's Vehicle would still not cause the amount in controversy to be reduced to an amount less than $75,000.

32. Repair Orders provided by Ford's affiliated dealership, Henry Curtis Ford, indicate the first presentation Plaintiff made for any alleged vehicle

"nonconformity" was on January 23, 2019. The vehicle mileage at the time of this presentation was 4,605. (*See* Clayton Decl., ¶ 24, **Exh. D.**)

33. Pursuant to the RISC, the mileage of the Subject Vehicle at the time Plaintiff purchased the Subject Vehicle was 30. (*See* **Exh. C**.) Thus, Plaintiff drove the Subject Vehicle 4,575 miles before the first presentation for a vehicle nonconformity (4,605 - 30 = 4,575).

34. Using the Song Beverly offset calculation, 4,575 miles, divided by 120,000 miles, and then multiplied by the purchase price of the Subject Vehicle ($49,008.78), obtains the offset figure of $1,868.46. Subtracting the offset amount from the total cost of the Subject Vehicle brings the amount of "actual" damages to $47,140.32 ($49,008.78 - $1,868.46). With Plaintiff's request for a two-time civil penalty ($94,280.64), the total amount of damages is **$141,420.96**.

35. Ford notes this amount is extremely conservative as it does not even take into account Plaintiff's claim for attorney's fees, incidental and consequential damages, or punitive damages.

36. Thus, the total amount in controversy therefore exceeds $75,000.00. The amount in controversy is satisfied. (*See* Clayton Decl., ¶26; Cal. Civ. Code § 1793.2(d)(2)(B)-(C); § 1794(c).

### IV. **DIVERSITY OF CITIZENSHIP EXISTS**

37. For diversity purposes, a person is a "citizen" of the state in which he is domiciled. *See Kantor v. Wellesley Galleries, Ltd.*, (9th Cir. 1983) 704 F.2d 1088; *see also LeBlanc v. Cleveland*, (2d Cir. 2001) 248 F.3d 95, 100. (citizenship determined at time lawsuit is filed); *Lundquist v. Precision Valley Aviation, Inc.*, (1st Cir. 1991) 946 F.2d 8, 10.) A person's domicile is the place he or she resides with the intention to remain, or to which he or she intends to return. *See Kanter v. Warner-Lambert Clew & Moss*, (9th Cir. 1986) 797 F.2d 747, 749-50.

38. Plaintiff is and was at the time of filing the Complaint, a citizen and resident of Sonoma County, California. (*See* Clayton Decl., **Exh. A**, ¶ 2; *Ervin v.*

-7-
DEFENDANT FORD MOTOR COMPANY'S NOTICE OF REMOVAL OF ACTION
PURSUANT TO 28 U.S.C. §§ 1332, 1441, 1446

*Ballard Marine Constr., Inc.* (N.D. Cal. Aug. 11, 2016, No. 16-cv-02931-WHO) 2016 U.S. Dist. LEXIS 106507, at *8 [internal citations omitted] (Plaintiff's complaint stated only that he was a resident of Oregon, it made no statement about Plaintiff's citizenship.)  The Court found that for diversity purposes a Plaintiff is a citizen of the state in which they reside (in the absence of evidence to the contrary).

39. Ford is, and was at the time Plaintiff commenced this action, a corporation organized under the laws of the State of Delaware with its principal place of business in Michigan. This Court can take judicial notice of these facts. (*See* Excerpt from Ford's 2018 Form 10-K filing, **Exhibit JJ** to Clayton Decl.; *see also* Fed. R. Evid. 201(b)(2) (courts may judicially notice facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.")

40. Since the dismissal of Hansel Ford on June 28, 2023, no other parties remain in this action

41. Accordingly, complete diversity exists between Plaintiff and Ford.

## V. CONCLUSION

41. Consequently, the State Action may be removed to this Court by Ford in accordance with the provisions of 28 U.S.C. §§ 1332, 1441, and 1446 because: (i) this action is a civil action pending within the jurisdiction of the United States District Court for the Northern District of California, (ii) the action is between citizens of different states, and (iii) the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

Dated: July 25, 2023

By: Respectfully submitted,
*/s/ Trina M. Clayton*
Spencer P. Hugret
Katherine P. Vilchez
Trina M. Clayton
Attorneys for Defendant
FORD MOTOR COMPANY

DEFENDANT FORD MOTOR COMPANY'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, 1446