UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| LUIS OROZCO,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>FORD MOTOR COMPANY,<br><br>　　　　　Defendant. | Case No. 23-cv-03673-PHK<br><br>**ORDER GRANTING REQUEST FOR ENTRY OF JUDGMENT PURSUANR TO FED. R. CIV. P. 68(a)**<br><br>Re: Dkt. 30 |

　　　　　On December 28, 2022, Plaintiff Luis Orozco commenced this action against Defendant Ford Motor Company in the Superior Court of California for Sonoma County, asserting violations of the Song-Beverly Consumer Warranty Act, CAL. CIV. CODE §§ 1791 *et seq.*, as well as claims for breach of implied warranty of merchantability and fraudulent inducement-concealment. [Dkt. 1-2]. On July 25, 2023, Defendant removed this action to federal court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. [Dkt. 1]. On January 11, 2024, the case was reassigned to this Court. [Dkt. 26]. The Parties have consented to proceed before a Magistrate Judge for all purposes, including the entry of final judgment. *See* Dkts. 21, 28-29.

　　　　　On February 26, 2024, Plaintiff filed the instant request for entry of judgment under Federal Rule of Civil Procedure 68. [Dkt. 30]. Therein, Plaintiff asserts that, on February 8, 2024, he accepted Defendant's Rule 68 offer of judgment, in the amount of $145,000.00 with other terms as set forth therein. *Id.* at 2. Plaintiff has attached the executed offer of judgment, including proof of service, as an exhibit to the request for entry of judgment. *Id.* at 3-8.

　　　　　Federal Rule of Civil Procedure 68, which addresses the procedures for an offer of

judgment and acceptance thereof, provides as follows:

> At least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued. If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment.

Fed. R. Civ. P. 68(a).

An offer of judgment under Rule 68 "is more consequential than a run-of-the-mill settlement offer." *Kubiak v. Cnty. of Ravalli*, 32 F.4th 1182, 1187 (9th Cir. 2022). "[A] Rule 68 offer has a binding effect when refused as well as when accepted." *Id.* (quoting *Radecki v. Amoco Oil Co.*, 858 F.2d 397, 402 (8th Cir. 1988)). "A Rule 68 'offer, once made, is non-negotiable; it is either accepted, in which case it is automatically entered by the clerk of court, or rejected, in which case it stands as the marker by which the plaintiff's results are timely measured.'" *Id.* at 1188 (quoting *Nusom v. Comh Woodburn, Inc.*, 122 F.3d 830, 834 (9th Cir. 1997)).

"Rule 68 allows no discretion on the part of the district court." *Id.* at 1187. "If the plaintiff accepts a Rule 68 offer, 'it is automatically entered by the clerk of court.'" *Id.* (quoting *Beauchamp v. Anaheim Union High Sch. Dist.*, 816 F.3d 1216, 1223 (9th Cir. 2016)). Rule 68 offers of judgment are analyzed in the same manner as contracts, and thus, "any ambiguities are construed against the drafter." *Id.* (quoting *Miller v. City of Portland*, 868 F.3d 846, 851 (9th Cir. 2017)).

Here, Defendant served Plaintiff with a Rule 68 offer of judgment on January 25, 2024, which contained the following summarized terms: (1) Plaintiff will surrender the subject vehicle in this action to Defendant pursuant to the accepted terms in the offer; (2) Defendant will pay Plaintiff $145,000.00 for the subject vehicle to settle all of Plaintiff's claims; and (3) Plaintiff may seek reasonable costs, expenses, and attorneys' fees pursuant to a properly noticed motion should the Parties be unable to resolve issues regarding such attorneys' fees and costs. [Dkt. 30 at 5-7]. Plaintiff accepted Defendant's offer in writing on February 8, 2024. *Id.* at 7.

Pursuant to Rule 68, Defendant's deadline to respond to or oppose Plaintiff's motion for entry of judgment [Dkt. 30] is fourteen days from February 26, 2024, or specifically March 11,

2024. That deadline passed with no filing or opposition by Defendant to the motion, which is not surprising in light of Defendant's written acceptance of the offer of judgment. Accordingly, the Court **FINDS**, based on the record, that Defendant does not oppose the motion for entry of judgment and further **VACATES** the requirement for Plaintiff to file a reply brief by March 18, 2024. [Dkt. 30].

In light of the foregoing and the applicable legal standards, the Court finds that Defendant has complied with the requirements of Rule 68 for proffering an offer of judgment, and that Plaintiff has complied with the requirements under Rule 68 for accepting an offer of judgment. For these reasons, the Court hereby **DIRECTS** the Clerk of Court to **ENTER JUDGMENT** in this matter against Defendant in accordance with the Parties' agreement regarding the accepted offer of judgment.

Accordingly, the Court **ORDERS** that**:**

1. Plaintiff's request for entry of judgment under Federal Rule of Civil 68 [Dkt. 30] is **GRANTED**.
2. The Clerk of Court shall **ENTER JUDGMENT** in favor of Plaintiff and against Defendant pursuant to the terms of Defendant's accepted offer of judgment dated January 25, 2024 under Rule 68.
3. The Status Conference set for March 15, 2024 is **VACATED**.
4. The Clerk of Court is **DIRECTED** to terminate this case from the Court's docket.

**IT IS SO ORDERED.**

Dated: March 12, 2024

PETER H. KANG
United States Magistrate Judge